UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

MARION ELLIOTT, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

FBQ, INC., (dba) Florida Best Quote Insurance
a Florida Profit Corporation
and  JEANETTE LAWRENSON, individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff Marion Elliott("Plaintiff" or "Elliott") on her behalf and all others similarly situated, files this Collective Action Complaint against Defendants, FBQ, INC., (dba "Florida Best Insurance")("FBQ" or "Defendant") a Florida Profit Corporation and Jeanette Lawrenson, Individually ("JL" or "Defendant") a (collectively, "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former Insurance Sales Agents(hereinafter, "ISA") (and other employees holding comparable positions, but different titles) who worked for Defendants in-office or remote throughout the United States, as follows:

Plaintiff seeks to conditionally certify the following class of current and former employees who worked for Defendants as follows:

> **All current and former hourly and salary-paid Insurance Sales Agents(and other employees holding comparable positions but different titles) who worked for Defendants nationwide anytime in the past three (3) years who worked forty (40) or more hours in one or more workweeks, who were not paid proper overtime compensation for hours worked over forty (40) per workweek under the FLSA by Defendants.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. §216(b).

2. Defendants are subject to personal jurisdiction in the Middle District of Florida.

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendants in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

4. Defendants are covered employers within the meaning of the FLSA.

## THE PARTIES

5. At all times material hereto, Plaintiff resided in or around Pinellas County, Florida.

6. During all relevant times, Defendants employed Plaintiff as an ISA from August 31, 2020, through February 15, 2024, at Defendants' office in Largo, Florida and Indian Rock Beach, Florida.

7. Plaintiff's written consent to join this action is attached as Exhibit A.

8. Defendant, FBQ is a Florida Profit Corporation with its principal place of business at 801 West Bay Drive, Suite 102, Largo, Florida 33770.

9. Defendant FBQ holds itself out to the public via its website: "By representing multiple, top-notch insurance companies and comparing coverages with various carriers, clients save money and often realize increased coverage. Florida Best Quote is a Florida Insurance Agency that takes the time to educate clients, shop multiple carriers, and uses the Florida Wind Mitigation Program to save almost all clients an average of 25 to 40 on their homeowners' coverage[1]."

10. Defendants, upon information and belief, employed upwards of 30 or more employees or more at any given time.

11. Within the relevant period, Defendant is a registered Florida company doing business in Largo, Florida, and throughout the State of Florida where Plaintiff worked for Defendants.

12. Defendants operate in interstate commerce by providing insurance to customers across the State of Florida.

---

[1] *See* https://floridabestquote.com/about-us/ (last viewed March 6, 2024).

13. Defendants' gross annual revenue for each year in which the named Plaintiff, and the putative class members worked, either individually, or jointly, exceeded $500,000.00.

14. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d).

15. Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in business transactions across state lines and with products and goods created outside Florida, and imported in for local use.

16. Defendants are joint employers over Plaintiffs and the putative class members, in that Defendants: (a) jointly determined, shared, and allocated the power to direct, control, or supervise Plaintiff, and the putative class, by direct or indirect means; (b) jointly determined, shared, and allocated the power to—directly or indirectly—hire or fire Plaintiff and the putative class, or modify the terms or conditions of Plaintiff and the putative class' employment; (c) shared management or a direct or indirect ownership interest, and interchangeably controlled, or were controlled by, each other; and (d) jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling

payroll, providing workers' compensation insurance, paying payroll taxes, or providing the facilities, equipment, tools, or materials necessary to complete the work.

17. Defendants are "joint- employers" under the FLSA by virtue of their rigorous control and unified operations. Defendants share employees or interchange employees and work in the direct interest of one another.  Further, work performed by Plaintiff and the putative class, benefit each Defendant.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claim as a collective action on behalf of all current and former ISA, and other similarly situated current and former employees holding comparable positions but different titles, who are or were employed by Defendants (at any time from February 2021 to the entry of judgment in this case.

19. Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the Putative FLSA Collective members.

20. There are many similarly situated current and former ISA's (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court supervised notice of this lawsuit and the opportunity to join it.

Thus, notice should be sent to the Putative FLSA Collective members pursuant to 29 U.S.C. § 216(b).

21. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the call center employee described is "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendants' practices, policy, or plan of not paying their call center employees for compensable work performed in excess of forty (40) hours per workweek at an overtime premium pay and Defendants' practices, policy, or plan of failing to include their non-discretionary bonuses pay in calculating their regular rate of pay used to pay overtime compensation); (c) their claims are based upon the same legal theories; and (d) the employment relationship between Defendants and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

22. Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members who would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective class members should be

readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

23. Plaintiff and the Putative FLSA Collective members, all of whom regularly worked more than 40 hours in a workweek, were employed as ISA's(or similar by Defendants.

24. Further, Plaintiff and those similarly situated worked more than forty (40) hours per workweek without receiving the proper overtime pay for all their overtime hours worked because Defendants failed to calculate the overtime pay rate to include non-discretionary bonuses properly.

25. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit the Plaintiff and the Putative FLSA Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

26. Defendant assigned the work that the Plaintiff and the Putative FLSA Collective members have performed, or Defendant were aware of the work they performed.

27. The work performed by the Plaintiff and the Putative FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

28. Defendants were aware, or should have been aware, that the FLSA requires it to pay the Plaintiff and the Putative FLSA Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

29. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the Putative FLSA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time the Plaintiff and the Putative FLSA Collective members have worked for the benefit of Defendants;

    b. willfully failing to keep accurate time records as required by the FLSA;

    c. willfully failing to credit the Plaintiff and the Putative FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

    d. willfully failing to pay the Plaintiff and the Putative FLSA Collective members wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

**PLAINTIFF'S WAGE AND HOUR ALLEGATIONS**

30. Consistent with policy, pattern or practice, Plaintiff and the Putative FLSA Collective members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

31. All Putative FLSA Collective members performed the same primary job duties.

32. The primary duties that Plaintiff and the other CDs regularly performed include, but not limited to:

   a. Customer service;

   b. operations duties;

   c. taking payments;

   d. selling services;

   e. answering phones; and

   f. clerical and data entry duties.

33. Plaintiff and the other similarly situated current and former ISA's primary job duties **_did not include_**:

   a. Hiring

   b. Firing

   c. Setting rate(s) of pay;

   d. Scheduling; or

   e. Disciplining other employees.

34. Plaintiff and the other ISA's did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

35. Plaintiff and the other ISAs' primary duties were customer service and sales related. Customer service and sales occupied the majority of the Plaintiff and the other MSNs' working hours.

36. Plaintiff and the other ISA's were working ten (10) or more hours per day, six (6) to (7) hours per week.

37. Plaintiff and the other ISA's were paid classified as salary exempt and in 2022, Defendants HR Supervisor called a meeting and explained to Plaintiff as well as other ISA's that they would benefit from moving from salary exempt to hourly paid.

38. Plaintiff was hired as a salary-exempt ISA agent(as well as a Customer Service Representative) and paid a salary plus bonuses in the amount of $45,000 a year plus bonuses, which comes out to an hourly rate of $21.66 per hour.

39. In 2022, the Plaintiff was told by Defendants that because of the amount of hours she was working, it would be beneficial for her to switch to hourly paid, but in fact, Defendants paid Plaintiff only $20.00 per hour plus bonuses.

40. The FLSA subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records. 29 C.F.R. § 516.1.

41. An employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee each workweek. See id. § 516.2.

42. Upon information and belief, Defendant failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

43. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate an employee has carried out his burden if he proves that he has in fact performed worked for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.*

44. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded

pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the Act." *Id.*

45. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all ISAs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws, no matter how they were paid, either salary or hourly.

46. Defendants did not perform a person-by-person analysis of every ISA's job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of any applicable state laws.

47. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

48. Defendants' unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act: Unpaid Overtime Wages Brought on Behalf of Plaintiff and the Putative FLSA Collective Members**

49. Plaintiff and the Putative FLSA Collective members, reallege and

incorporate by reference all prior paragraphs as if they were set forth again herein.

50. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

51. Plaintiff and the Putative FLSA Collective members have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

52. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

53. At all relevant times, Plaintiff and the Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

55. At all times relevant, Plaintiff and the Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

56. Defendant has failed to pay Plaintiff and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled under the FLSA.

57. Defendants' violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the

Plaintiff and the other similarly situated Putative FLSA Collective Members.

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

59. As a result, Defendants violations of the FLSA, Plaintiff and all other similarly situated Putative FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et. seq.*

60. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated Putative FLSA Collective members have been deprived of overtime compensation and other wages damages, prejudgment interest, attorneys' fees, costs, and other compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated Putative FLSA Collective members, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated ISA's of the nature of this action and of their right to join this lawsuit;

B. Certification of the collective consisting of Plaintiff and all similarly situated ISA's;

    C.    Designation of Plaintiff as representative of the Putative FLSA Collective, and counsel of record as Class Counsel;

    D.    Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and the employers share of FICA, FUTA, state unemployment insurance and any other employment taxes;

    E.    Pre-judgment interest and post-judgment interest, as provided by law;

    F.    Attorneys' fees and costs of this action;

    G.    Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the Collective; and

    H.    Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated this 6th day of March, 2024

                                                      Respectfully submitted,

                                                      ***/s/ Noah E. Storch***
                                                      Noah E. Storch, Esq.
                                                      Florida Bar No.: 85476

RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84
Suite 103
Davie, FL  33324-4241
Telephone No.: (866) 344-9243
Facsimile No.: (954) 337-2771
Email:
**noah@floridaovertimelawyer.com**

*Trial Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO.

MARION ELLIOTT, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

FBQ, INC., (dba) Florida Best Quote Insurance
a Florida Profit Corporation
and JEANETTE LAWRENSON, individually,

    Defendants,
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I, Marion Elliott_____, consent to become the party plaintiff in the above-styled Lawsuit.

Date: 03/06/2024

Signature: _[signature]_____

Print: Marion Elliott_____